1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| RUSSELL MARTIN, | CASE NO. 1:06-cv-00972-OWW-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| W. J. SULLIVAN, et al., | (Doc. 1) |
| Defendants. | ORDER DENYING MOTION FOR LEAVE TO AMEND AS MOOT |
| | (Doc. 15) |

9
10
11
12
13
14
15

_____/

16
17

I.     Screening Order

A.     Screening Requirement

Plaintiff Russell Martin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 23, 2006, and on February 7, 2007, plaintiff filed a motion seeking leave to amend.  For the reasons set forth below, plaintiff's complaint shall be dismissed with leave to amend.  As a result, plaintiff's motion for leave to amend is moot and shall be denied on that ground.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

18
19
20
21
22
23
24
25
26
27
28

1

1   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4           "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

5   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

6   506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

7   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

8   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

9   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only

10  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

11  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether

12  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of

13  the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

14  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

15  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

16  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

17  2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

18  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights

19  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

20  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

21  266, 268 (9th Cir. 1982)).

22          B.      Plaintiff's Claims

23          Plaintiff is an inmate currently housed at California State Prison-Calipatria. The events at

24  issue in this action allegedly occurred while plaintiff was housed at the California Correctional

25  Institution in Tehachapi. The defendants named in this action are Warden W. J. Sullivan, Lieutenant

26  R. L. Johnson, Correctional Officer G. Alvarez, and Does 1-5. Plaintiff is seeking money damages.

27          The claims in this action arise from an incident of alleged excessive physical force on August

28  28, 2005. Plaintiff does not set forth a statement of claim. Rather, plaintiff refers the court to

Exhibit A for claims one through four.  Plaintiff is informed that this is insufficient.  Although plaintiff may incorporate exhibits by reference, he must set forth his claims for relief in his pleading. Fed. R. Civ. P. 8(a).  The court has reviewed the exhibit and notes that plaintiff claims his rights under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment were violated.  However, the court is uncertain what other two legal claims plaintiff is pursuing.  In the subsections that follow, the court will screen plaintiff's claims.  When plaintiff amends his complaint, he must allege his claims in this complaint and may not rely solely on his exhibits. Further, plaintiff must clearly identify which legal claims he is pursuing.

1.   Excessive Force Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.)  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series

///

3

1  of acts by others which the actor knows or reasonably should know would cause others to inflict the

2  constitutional injury.'" Id. (quoting Johnson at 743-44).

3      "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

4  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v.

5  McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . .

6  . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks

7  and citations omitted). The malicious and sadistic use of force to cause harm always violates

8  contemporary standards of decency, regardless of whether or not significant injury is evident. Id.

9  at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

10 standard examines de minimis uses of force, not de minimis injuries)). However, not "every

11 malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth

12 Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

13 recognition de minimis uses of physical force, provided that the use of force is not of a sort

14 repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations

15 omitted).

16     "[W]henever prison officials stand accused of using excessive physical force in violation of

17 the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

18 in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

19 Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper

20 to evaluate the need for application of force, the relationship between that need and the amount of

21 force used, the threat reasonably perceived by the responsible officials, and any efforts made to

22 temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).

23 "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end

24 it." Id.

25     Plaintiff's exhibit indicates that on August 28, 2005, plaintiff and his cellmate were

26 awakened by defendant Alvarez, who arrived to take plaintiff's cellmate to a disciplinary hearing.

27 Plaintiff went back to sleep and was subsequently awakened again by defendant Alvarez. Plaintiff

28 thought his cellmate was being returned, so he submitted to handcuffs and went to the back of the

4

cell.  Plaintiff was then slammed into a concrete wall by two unknown officers, causing a knot on the left side of his forehead.  Plaintiff later learned that the incident occurred while officers were there to confiscate plaintiff's cellmate's television on the order of defendant Johnson.

In order to pursue an excessive force claim against defendants Alvarez and Johnson, plaintiff must allege some facts linking them to the incident of force.  Without allegedly some facts establishing the requisite linkage, plaintiff may not attempt to impose liability on defendants under section 1983.  The court finds that plaintiff fails to state a claim against defendants Alvarez and Johnson for use of excessive force.  As stated at the beginning of this order, plaintiff will be provided with the opportunity to file an amended complaint.

2.    Claim Against Warden Sullivan

With respect to defendant Warden Sullivan, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).  Because there are no allegations set forth concerning defendant Sullivan, plaintiff fails to state a claim against him.

3.    Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing

1   Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation

2   of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the

3   defendants acted with an intent or purpose to discriminate against the plaintiff based upon

4   membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)

5   (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination

6   means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v.

7   Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396,

8   1404 (9th Cir. 1994)) (emphasis in original).

9          Although it appears plaintiff intends to pursue an equal protection claim, there are no facts

10  set forth giving rise to such a claim.  Accordingly, plaintiff fails to state a claim for violation of the

11  Equal Protection Clause.

12         C.     Conclusion

13         The court finds that plaintiff's complaint does not state any claims upon which relief may be

14  granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended

15  complaint curing the deficiencies identified by the court in this order.

16         Plaintiff is informed he must demonstrate in his complaint how the conditions complained

17  of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

18  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

19  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

20  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

21  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

22  743 (9th Cir. 1978).

23         Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

24  complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

25  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

26  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

27  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

28  of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2.     Plaintiff's motion seeking leave to amend, filed February 7, 2007, is DENIED as moot;

3.     The Clerk's Office shall send plaintiff a civil rights complaint form;

4.     Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

5.     If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.


     IT IS SO ORDERED.

     **Dated:     February 27, 2007**                    _____/s/_ **Dennis L. Beck**_____
3b142a                                                              UNITED STATES MAGISTRATE JUDGE